# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM G. CARTER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:05-CV-1209- FRB |
| R. TIMOTHY BICKHAUS, | ) ) ) | |
| Defendant. | ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the motion of William G. Carter for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with plaintiff's motion, the Court will grant plaintiff leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). The Court has also reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and will dismiss it prior to service of process.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## The complaint

Plaintiff, a civilly committed resident of the Missouri Sexual Offender Treatment Program in Farmington, Missouri, seeks monetary and injunctive relief pursuant to 42 U.S.C. § 1983.[1] Named as the sole defendant is R. Timothy Bickhaus, a state prosecuting attorney. Plaintiff alleges that the Circuit Court of Adair County has ordered "defendant to provide a copy of the December 9th, 1999 DNA results," but he has refused to comply.

## Discussion

Plaintiff's claim for monetary damages against defendant Bickhaus is legally frivolous. A state prosecutor is entitled to absolute prosecutorial immunity for claims arising out of his conduct during a plaintiff's criminal prosecution. *See e.g., Burns v. Reed*, 500 U.S. 478 (1991) (prosecutors are "absolutely immune from damages liability . . . for eliciting false and defamatory testimony from witnesses"); *Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir.) ("allegations that a prosecutor knowingly offered, used or presented false, misleading or perjured testimony at trial . . . do not defeat absolute prosecutorial immunity, regardless of how reprehensible such conduct would be if it occurred"), *cert. denied*, 484 U.S. 828 (1987); *White v. Murphy*, 789 F.2d 614, 615-16 (8th Cir. 1986) (conspiracy to conceal an unlawful arrest and suppress favorable evidence does not defeat absolute prosecutorial immunity).

---

[1] The Court notes that although plaintiff cites additional amendments to the United States Constitution as causes of action, they do not form the basis for a cause of action. Plaintiff cannot bring claims solely pursuant to an amendment of the Constitution independent of a cause of action. *See Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992).

To the extent that plaintiff is requesting this Court to intervene in an ongoing state court action concerning defendant's alleged failure to unseal DNA results, this Court may not do so absent extraordinary circumstances, cf. Younger v. Harris, 401 U.S. 37. 46 (1971); Samuels v. Mackell, 401 U.S. 66, 73 (1971), which are not present in the instant case.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**. *See* 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED**, as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal shall accompany this order and memorandum.

Dated this  6th  day of October, 2005.

_____
**UNITED STATES DISTRICT JUDGE**